UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRISA HATLEY OSBORNE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br><br>　　　　　　Defendant. | CASE NO. C14-0090JLR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## I.　　INTRODUCTION

This matter comes before the court on the Report and Recommendation of United States Magistrate Judge Mary Alice Theiler (R&R (Dkt. # 21)), and Plaintiff Trisa Hatley Osborne's objections thereto (Obj. (Dkt. # 22)). In addition, Defendant Carolyn W. Colvin, the Acting Commissioner of the Social Security Administration ("the Commissioner"), has filed a response to Ms. Osborne's objections. (Resp. (Dkt. # 23).) Having carefully reviewed all of the foregoing, along with all other relevant documents,

ORDER- 1

and the governing law, the court ADOPTS the Report and Recommendation (Dkt. # 21), and AFFIRMS the decision of the Commissioner.

## II.     STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* When no objections are filed, the court need not review de novo the report and recommendation. *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005).

## III.     DISCUSSION

Ms. Osborne's first objection to the Report and Recommendation asserts that the Administrative Law Judge ("ALJ") did not properly consider Ms. Osborne's physical residual functional capacity. (Obj. at 2-3.) Specifically, she argues that when the ALJ made his findings concerning Ms. Osborne's physical residual functional capacity, he erred because he did not provide specific and legitimate reasons for rejecting a number of medical opinions, including those of examining physicians, Drs. McFadden, Hanesworth,

and Barrett (*id.* at 3-6), and treating physiatrist, Dr. Amos (*id.* at 6-9). Additionally, Ms. Osborne objects to the Report and Recommendation on the grounds that the ALJ did not properly consider the opinions of state agency medical consultants. (*Id.* at 9-12.)

Neither of Ms. Osborne's objections raises any novel issues that were not addressed by Magistrate Judge Theiler's Report and Recommendation. Moreover, the court has thoroughly examined the record before it and finds the Magistrate Judge's reasoning persuasive in light of that record. Ms. Osborne essentially reasserts the same arguments she made to Magistrate Judge Theiler, and the court independently rejects them for the same reasons as Magistrate Judge Theiler.

## IV.   CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the Report and Recommendation (Dkt. # 21) in its entirety;

(2) The court AFFIRMS the decision of the Commissioner; and

(3) The court DIRECTS the Clerk to send copies of this Order to all counsel of record and to Magistrate Judge Theiler.

Dated this 17th day of December, 2014.

JAMES L. ROBART
United States District Judge